UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 24-20070-DDC |
| **NEWTON JONES (01),** **WILLIAM CREEDEN (02),** **KATERYNA JONES (03),** **WARREN FAIRLEY (04),** **LAWRENCE McMANAMON (05),** **KATHY STAPP (06),** **CULLEN JONES (07),** | |
| **Defendants.** | |

## ORDER GRANTING MOTION TO DECLARE CASE COMPLEX AND DESIGNATION OF EXCLUDABLE TIME

The government has filed its "Motion to Declare Case Complex and Designation of Excludable Time" (Doc. 72). This motion asks the court to designate this action as a "complex case" in the sense this term is used by 18 U.S.C. § 3161(h)(7)(B)(ii). Designating this case complex can support (or help to support) a finding that continuing the case beyond the deadline fixed by the Speedy Trial Act (STA) serves the ends of justice. That is, continuing the case outweighs the best interest of the public and defendants in a trial beginning by the STA deadline. But excluding time under the STA ends of justice provision § 3161(h)(7)(A), requires "findings". And it requires the court's "reasons for finding that the ends of justice served by the granting of a continuance" outweigh the competing interests served by the STA. § 3161(h)(7)(A).

During a status conference on October 10, 2024, the court heard from counsel about their current state of preparedness. Counsel for all parties agreed that they were not yet able to predict a date when they would have prepared adequately for a trial to begin. So, counsel for each party either agreed to request a 90-day continuance of the status conference or announced they did not object to continuing the conference. The court thus sustained an oral motion to continue the conference until January 16, 2025. Also, the court announced specific reasons why the court properly should exclude the time between October 10, 2024, and January 16, 2025, under the ends of justice provision. The court made inquiries of defendants and their counsel, followed by STA findings supporting exclusion of these days.

These decisions leave the current motion's request to designate the case as complex, under § 3161(h)(7)(B)(ii). That provision identifies "the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law" as reasons to designate a case as complex. § 3161(h)(7)(B)(ii). The government has represented the following as factors which justify a finding that this is an unusual and complex case under the STA provision:

(1) The financial aspects of this investigation are wide-ranging and expansive in nature and cover years of alleged conduct. The Racketeering Conspiracy charge alleges embezzlement of union funds, wire fraud, and embezzlement from pension and welfare funds.

Case 2:24-cr-20070-DDC   Document 75   Filed 11/04/24   Page 3 of 5

(2) Defendants all are past employees of the International Brotherhood of Boilermakers (IBB) and most served in executive positions such as International President, Secretary/Treasurer, and International Vice-Presidents.

(3) During the investigation—and to comply with subpoena requests from the government—IBB hired an outside law firm to compile records responsive to the grand jury subpoenas. This outside law firm retained the services of a third-party vendor to process the requested documents because of their voluminous nature. Internal documents sought by the government include individual IBB personnel records, minutes from IBB conventions, sub-committees, and Executive Council meetings, expense records, accounting records, and relocation expenses, dating back more than a decade. The records received from IBB are voluminous.

(4) Additionally, the government requested records from third party sources involving international travel of IBB employees and members of their family, dinner and entertainment credit card receipts, and other disbursements, dating back many years.

(5) The government also sought voluminous records from the Bank of Labor documenting millions of dollars in loans from IBB to the bank and compensation records of bank executive members.

(6) During the course of the investigation, dozens of witnesses were interviewed, and many witnesses testified before the grand jury over the course of several months. The audio recordings generated from the interviews require many hours of review. The transcripts of the witness testimony are lengthy.

3

(7)     Last, the government sought and received voluminous records from IBB about complex employee benefit and pension plans. The first round of discovery the government disseminated to defendants exceeds more than 231 gigabytes of data, to include more than 4,297 documents. The second round is expected to exceed 46,346 documents.

(8)     This case is complex not only because of the voluminous nature of the discovery, but also because it may present some novel legal issues about the charged conduct and defendants' compliance with IBB's own constitution, as well as the interplay of civil lawsuits regarding the alleged misconduct.

The court is satisfied that the government's representations suffice to designate the case as complex under 18 U.S.C. § 3161(h)(7)(B)(ii). The court also notes that the defendants join the request made by the government. Based on these factors, the court finds this case is sufficiently unusual and complex, given the number of defendants and the nature of the prosecution as demonstrated by the length of the investigation, and the extensive amount of discovery. It is thus unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits established by 18 U.S.C. § 3161. So, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(ii), the court finds that the ends of justice are served by designating this case as complex.

IT IS ORDERED that, for reasons already stated in this Order and during the status conference on October 10, 2024, the court designates this case as complex.

**Dated this 4th day of November, 2024, at Kansas City, Kansas.**

<span style="margin-left: 50%">s/ Daniel D. Crabtree<br>
**Daniel D. Crabtree**<br>
**United States District Judge**</span>

5