UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>v.<br><br>NEWTON JONES (01),<br>WILLIAM CREEDEN (02),<br>KATERYNA JONES (03),<br>LAWRENCE MCMANAMON (05),<br>CULLEN JONES (07),<br><br>    *Defendants*. | Case No. 2:24-cr-20070-DDC |

**Defendants' Joint Opposition to the Government's
Motion for Admission of Coconspirator Statements Pursuant to Rule 801(d)(2)(E)
and Request for a *James* hearing**

**Table of Contents**

Argument ....................................................................................................................................1

I.      The Court should conduct a *James* hearing. ............................................................2

II.     When ripe for an admissibility decision, the motion should be denied. ...................2

        A.      Rule 801(d)(2)(E) has not and cannot be satisfied. .......................................3

                1.      Unspecified statements cannot satisfy Rule 801(d)(2)(E). .................4

                2.      Unproven: The conspiracy's existence. ..............................................5

                3.      Unproven: The conspiracy's membership. .........................................6

                4.      Unproven: The conspiracy's duration. ................................................7

                5.      Unproven: The conspiracy's furtherance. ...........................................8

        B.      Other rudimentary admissibility requirements are unsatisfied. .....................9

Conclusion ...............................................................................................................................11

Certificate of Service ...............................................................................................................15

Defendants file this joint response to the government's Document 211 motion regarding admission of coconspirator statements. The motion's request for a *James* hearing is unopposed. Otherwise, insofar as the motion seeks admission of the proffered evidence, the motion is opposed and should be denied after the *James* hearing.

## Argument

Defendants do not oppose the Government's request for a pretrial *James* hearing. The Court should require the Government to make its Rule 801(d)(2)(E) showing then, before the jury hears any alleged coconspirator statements and before the Court considers the Government's request for blanket admissibility rulings. The motion seeks advance authorization not only for a few identified statements, but also for sweeping, unspecified categories of "anticipated" testimony and "emails." Yet Rule 801(d)(2)(E) does not permit categorical admission, and it imposes stringent, cumulative prerequisites that the Government must prove on a statement-specific and defendant-specific basis without bootstrapping. The Court should therefore limit relief to ordering the *James* hearing and reserve admissibility determinations until the Government presents competent proof.

On the present record, and on the Government's proffer, the Court should deny admission because the Government has not and cannot establish the existence of a qualifying conspiracy, the membership of both declarant and defendant, the required temporal overlap, or that any statement furthered the conspiracy. Even if the Government could clear the hearsay hurdle, it still must satisfy foundational requirements of relevance, authentication, and proper scope—issues the motion does not address. The Court should order a *James* hearing and deny any pretrial admission on this record.

**I.      The Court should conduct a *James* hearing.**

The government's motion requests one thing that Defendants do *not* oppose: A pretrial *James* hearing. *See* Doc. 211 at 1, 15. The parties agree that the Court should determine whether the Government has carried its admissibility burdens under Rule 801(d)(2)(E) through that procedure. *See* Fed. R. Evid. 104(b). Instead of provisionally admitting anything, the Court should "hold a '*James* hearing' outside the presence of the jury to determine whether the predicate conspiracy" and other prerequisites have been shown. *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995).

The use of a *James* hearing is "'strongly preferred' in this Circuit," *id.*; *United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994), and is especially appropriate here because the Government seeks advance rulings on both a handful of identified statements and broad categories of anticipated testimony and unspecified emails. Admissibility is necessarily statement-specific and context-dependent, and a pretrial hearing allows the Court to evaluate the Government's proof without resorting to the disfavored process of conditional admission. Accordingly, given the scope of the Government's request and the Rule's gatekeeping requirements, a pretrial *James* hearing is the proper course. *See id.*

**II.     When ripe for an admissibility decision, the motion should be denied.**

All other relief this motion requests is opposed. After addressing the undisputed issue of *how* the Rule 801(d)(2)(E) inquiry should proceed, the government's motion seeks "a pre-trial ruling finding that the coconspirator statements are admissible at trial." Doc. 211 at 1. It seeks favorable admissibility determinations for both (i) a few statements specified in the motion, Doc. 211 at 10-15, and (ii) huge swaths of unspecified "Categories

2

of statements anticipated from witness testimony," Doc. 211 at 11, and "emails," Doc. 211 at 14. The Court should deny all aspects of this request because the government has not carried the applicable burdens and will not be able to do so at the *James* hearing.

      **A.**      **Rule 801(d)(2)(E) has not and cannot be satisfied.**

First, the Court should refuse to admit the proffered statements because they are hearsay. *See* Fed. R. Evid. 802. To avoid this, the government invokes Federal Rule of Evidence 801(d)(2)(E), which provides that certain "coconspirator" statements qualify as "not hearsay." Fed. R. Evid. 801(d)(2)(E). But because the government cannot satisfy Rule 801(d)(2)(E), all of the proffered statements remain inadmissible hearsay.

Rule 801(d)(2)(E) requires multiple key showings. To meet the test, the government must prove—without bootstrapping and on a statement-specific, defendant-specific basis—prerequisites including (a) the existence of a conspiracy, (b) conspiracy membership of both declarant and defendant, (c) the conspiracy's temporal overlap with the proffered statement, and (d) that the proffered statement furthered the conspiracy:

> (d)    Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:
> 
> . . .
> 
>     (2)    An Opposing Party's Statement. The statement is offered against an opposing party and:
> 
>     . . .
> 
>     (E)    was made by the party's coconspirator during and in furtherance of the conspiracy.
> 
> The statement must be considered but does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E).

3

Fed. R. Evid. 801(d)(2)(E); *see generally Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995); *United States v. Johnson*, 911 F.2d 1394, 1403 (10th Cir. 1990). The government has not and cannot meet these requirements as to any of the statements its motion presents.

### 1.  Unspecified statements cannot satisfy Rule 801(d)(2)(E).

Insofar as the motion seeks admissibility of unspecified categories of statements, it should be denied because Rule 801(d)(2)(E) does *not* operate categorically. Rule 801(d)(2)(E) provides *statement-specific* admissibility principles. It operates as to a given "statement" and permits admission only if the proponent satisfies each precondition as to that "statement." There are no categorical bars or allowances.

Most of the government's motion violates this foundational requirement. A proper Rule 801(d)(2)(E) analysis cannot be done as to the motion's unspecified "Categories of statements anticipated from witness testimony" this motion references. Doc. 211 at 11. Nor can it be done as to the motion's unspecified "emails." Doc. 211 at 14. In all of these respects, the government does not identify the declarant, the recipient, the date, the context, or the defendant against whom any statement would be offered.

For that reason alone, the Court should reject the Government's request to admit unspecified categories of statements under Rule 801(d)(2)(E). The remaining defects identified below—each independently fatal—apply not only to the Government's unspecified categories, but equally to the discrete statements it purports to identify, none of which satisfy the Rule's remaining prerequisites.

4

### 2. Unproven: The conspiracy's existence.

To admit any given statements under Rule 801(d)(2)(E), the government must first prove the existence of an actionable "conspiracy." Fed. R. Evid. 801(d)(2)(E). The Rule demands this by applying only to statements by "coconspirators" during and in furtherance of "the conspiracy." *Id.* Because the government here has not and cannot prove the existence of an actionable "conspiracy," the motion should be denied.

That preliminary showing must meet the same substantive demands that govern the charged conspiracy itself. As Defendants have already explained in their Motion to Dismiss Count One, the Government's conspiracy theory rises or falls on the existence of a legally cognizable RICO enterprise. *See* Doc. 143 at 10–11. To establish such an enterprise—even at the Rule 801(d)(2)(E) stage—the Government must show an entity that is distinct from the defendant "persons" themselves and distinct from the racketeering activity they allegedly engaged in. *See id.* (invoking *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001), and *United States v. Turkette*, 452 U.S. 576, 583 (1981)). The Government's proof does neither. Instead, it collapses the alleged "Jones enterprise" into nothing more than the Defendants acting in their official capacities and the alleged racketeering acts themselves—precisely the conflation those cases forbid.

The failure runs deeper. Rule 801(d)(2)(E)'s preliminary conspiracy showing must also establish that the alleged enterprise has a distinct organizational structure. *See* Doc. 143 at 10–11 (invoking *Boyle v. United States*, 556 U.S. 938 (2009)). Yet the Government does not identify any hierarchy, decision-making framework, or enterprise-level coordination separate from ordinary union operations. Here as well, the Government's

5

theory alleges no structure at all beyond job titles within the IBB—facts that negate, rather than establish, an association-in-fact enterprise.

Nor can the Government show a distinct common purpose at the enterprise level. Both generally and at Rule 801(d)(2)(E)'s preliminary stage, the government's showing of a RICO enterprise requires a purpose that transcends parallel individual interests. *See* Doc. 143 at 11 (invoking *Tronsgard v. FBL Fin. Group, Inc.*, 312 F. Supp. 3d 982, 1000 (D. Kan. 2018), and *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993)). The only "purpose" the Government identifies is individual enrichment through alleged misconduct—exactly the kind of rimless, parallel conduct that cannot support an enterprise finding.

In short, the same doctrinal failures that doom Count One at the pleading stage also defeat the Government's attempt to establish a conspiracy for Rule 801(d)(2)(E) purposes. The Government cannot preliminarily prove a conspiracy without proving a legally valid enterprise. Because its proof affirmatively violates the distinctness, structure, and purpose requirements explained in the Motion to Dismiss, the conspiracy cannot be assumed into existence to justify admission of the very statements offered to suggest it.

### 3. Unproven: The conspiracy's membership.

To admit any given statements under Rule 801(d)(2)(E), the government must also prove the *membership* of the alleged conspiracy. Fed. R. Evid. 801(d)(2)(E). The Rule demands this by applying only to statements made "by the party's *coconspirator*," *id.* (emphasis added). So the government must prove conspiracy membership of both the statement's declarant and the opposing party against whom the statement is offered. *Id.* Because the government here has not and cannot prove conspiracy membership of both the

6

statement's declarant and the opposing party for each statement at issue, the motion should be denied.

The Government has not and cannot meet that burden. Membership requires evidence of knowing and voluntary participation in a common unlawful agreement. It cannot be inferred from employment, official position, family relationship, or mere association. Yet the Government offers no proof—let alone statement-specific proof—that any declarant and any defendant shared such an agreement at the relevant time. Because the Government relies on status and proximity rather than assent, it fails to establish conspiracy membership as Rule 801(d)(2)(E) requires.

### 4. Unproven: The conspiracy's duration.

To admit any given statements under Rule 801(d)(2)(E), the government must also prove the conspiracy's duration for each statement at issue. Fed. R. Evid. 801(d)(2)(E). The Rule demands this by requiring proof that the statement "was made by the party's coconspirator *during* and in furtherance *of* the conspiracy." *Id.* (emphasis added). If the conspiracy was not yet formed, had already ended, or did not include the defendant at the relevant time, the statement is inadmissible. *See id.*; *United States v. Coe*, 718 F.2d 830, 840 (7th Cir. 1983) ("Statements by coconspirators made either before the formation of a conspiracy or after its termination are not admissible under the coconspirator hearsay exception."); *see also United States v. Morris*, 623 F.2d 145, 148 (10th Cir. 1980) ("The rationale underlying the exclusion of such statements 'is the lack of any opportunity for the adversary to cross-examine the absent declarant whose out-of-court statement is introduced into evidence.").

The Government has not and cannot make that showing. It does not identify when the alleged conspiracy began or ended, nor does it establish temporal overlap between any statement and any defendant's participation. Without statement-specific proof that the conspiracy was ongoing at the time of each statement, Rule 801(d)(2)(E) is not satisfied and the motion must be denied. *See id.*

### 5. Unproven: The conspiracy's furtherance.

To admit any given statements under Rule 801(d)(2)(E), the government must also prove the conspiracy's "furtherance" by each statement at issue. Fed. R. Evid. 801(d)(2)(E). The Rule demands this by requiring proof that the statement "was made by the party's coconspirator during and *in furtherance of* the conspiracy." *Id.* (emphasis added). Statements that merely recount past events, explain conduct, express personal views, or relate alleged wrongdoing do not qualify, as "mere narratives between coconspirators or narrative declarations of past events are not 'in furtherance.'" *United States v. Roberts*, 14 F.3d 502, 514–15 (10th Cir. 1993); *see also United States v. McConnell*, 988 F.2d 530, 533 (5th Cir. 1993) ("Mere conversation between conspirators is not admissible under the exception.")

The Government makes no statement-specific showing of furtherance. It does not identify how any statement advanced a conspiratorial objective or reflect declarant intent to promote the conspiracy. Instead, it assumes that subject-matter overlap suffices. It does not. Because the Government cannot show that any statement was made in furtherance of the conspiracy, Rule 801(d)(2)(E) is not satisfied and the motion must be denied. *See id.*

8

**B.     Other rudimentary admissibility requirements are unsatisfied.**

Even if the Government could satisfy Rule 801(d)(2)(E)—which it cannot—that would resolve only one potential objection: hearsay. It would not establish admissibility writ large. Other foundational requirements independently govern whether evidence may be presented to the jury, and the Government has not addressed them at all. As a result, any ruling admitting statements at this stage would be premature, especially as to the large body of unspecified statements the Government seeks to sweep in categorically.

First, relevance has not been shown. Rules 401 and 402 require that evidence be relevant to a fact of consequence as to the particular defendant against whom it is offered. Rule 801(d)(2)(E) does not supply relevance. Yet the Government does not explain how any proffered statement—much less broad categories of unidentified statements—makes any material fact more or less probable as to any defendant. Statements that merely recount events, describe background circumstances, or reflect internal discussions may have narrative interest but lack legal relevance. Because the Government has not undertaken a relevance analysis at all, the Court cannot meaningfully assess admissibility at this stage.

Second, authentication remains entirely unaddressed. Rule 801(d)(2)(E) does not authenticate evidence. The Government must still establish that any alleged statement—particularly emails or other electronic communications—is what it purports to be. That requires proof of authorship, integrity, and transmission. The motion offers none of that. This omission is especially significant where the Government seeks advance approval of unspecified "emails" untethered to any sender, recipient, or context. Without authentication, admissibility cannot be resolved.

9

Third, the scope and attribution problems inherent in a multi-defendant case remain unresolved. Statements that may be admissible against one defendant may be inadmissible against others. Rule 801(d)(2)(E) does not eliminate that problem, and Rule 105 cannot cure it unless the Court first determines, statement by statement, defendant by defendant, who a statement may properly be used against. The Government's categorical approach sidesteps that inquiry entirely. Without resolving attribution and scope, any admission ruling risks inevitable juror misuse.

In short, the Government asks the Court to rule on admissibility before addressing relevance, authentication, or proper scope. Those are not technicalities; they are foundational requirements. Because they have not even been explored—let alone satisfied—any ruling admitting the statements at this stage would be premature.

### III.  Alternative request for relief.

Given the parties' agreement about the need for a pre-trial *James* hearing, there is no need for the Court to address the Government's alternative request for immediate pretrial rulings admitting coconspirator statements. The purpose of a *James* hearing is to require the Government to make its evidentiary showing before statements are admitted against defendants. Deciding admissibility now—before that showing is made—would invert the agreed-upon process and risk issuing advisory or premature rulings, particularly as to large categories of unspecified statements. Accordingly, the Court should grant the motion only to the extent it seeks a *James* hearing and defer any admissibility determinations until that hearing is conducted and the Government has actually presented the proof Rule 801(d)(2)(E) requires.

If, after the *James* hearing, the Government fails to carry its burdens, the motion should be denied at that time on the substantive grounds set out above. Alternatively, any admission of the proffered testimony should occur only if and when the government at trial introduces evidence sufficient to make all of the showings challenged above. Federal Rule of Evidence 104(b) supports requiring this in advance. The requisite findings must be made outside the presence of the jury and on a statement-specific, defendant-specific basis.

## Conclusion

After a *James* hearing, the government's motion for admission of coconspirator statements should be denied.

Respectfully submitted,

SPENCER FANE LLP

/s/ *Patrick A. McInerney*
Patrick A. McInerney # 22561
Daniel M. Nelson KS Fed # 79203
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106-2140
Tel: 816-474-8100
Fax: 816-474-3216
pmcinerney@spencerfane.com
dnelson@spencerfane.com
Attorneys for Newton Jones

/s/ *Kurt Kerns*
Kurt P. Kerns # 15028
KERNS LAW GROUP
328 N. Main Street Wichita, KS 67202
Tele: 316-265-5511
kurtpkerns@aol.com

Federico Andino Reynal, *pro hac vice*

11

THE REYNAL LAW FIRM, PC
917 Franklin Street, Sixth Floor
Houston, TX 77002
Tele: 713-228-5900
areynal@frlaw.us

Chad Flores
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, TX 77002
Tele: (713) 364-6640

Attorneys for William Creeden

/s/ *Mark Molner*
Mark D. Molner # 24493
EVANS & MULLINIX, P.A.
7225 Renner Road, Suite 200
Shawnee, KS 66217
Tele: 913-962-8700
Fax: 913-962-8701
mmolner@emlawkc.com

John T. Davis, *pro hac vice*
KESSLERWILLIAMS LLC
1401 S. Brentwood Blvd., Suite 950
St. Louis, MO 63144
Tele: 314-455-5555
Fax: 314-727-2869
john.davis@kesslerwilliams.com
Attorneys for Kateryna Jones

/s/ *J.R. Hobbs*
James R. Hobbs KS Fed # 70169
Marilyn Keller # 15444
WYRSCH HOBBS & MIRAKIAN, P.C.
One Kansas City Place
1200 Main St., Suite 2110
Kansas City, Missouri 64105
Tele: 816-221-0080
Fax: 816-221-3280
jrhobbs@whmlaw.net
mbkeller@whmlaw.net

Attorneys for Warren Fairley

/s/ *Branden Smith*
Branden Smith # 22761
SMITH LEGAL, L.L.C.
719 Massachusetts Street, Suite 126
P.O. Box 1034
Lawrence, Kansas 66044
Tele: 785-856-0780
Fax: 785-856-0782
branden@smithlegalllc.com

Kevin M. Spellacy, *pro hac vice*
James Wooley, *pro hac vice*
Erin E. Hanson, *pro hac vice*
323 W. Lakeside Ave., Suite 200
Cleveland, OH 44113
Tele: 216-344-9220
Fax: 216-664-6999
kspellacy@spellacylaw.com
jwooley@spellacylaw.com
ehanson@mghslaw.com
Attorneys for Lawrence McManamon

13

/s/ *Kathleen Fisher Enyeart*
Jackson Hobbs # 28191
Kathleen Fisher Enyeart # 25203
Brody Sabor KS Fed # 79098
LATHROP GPM
2345 Grand Blvd., Suite 2200
Kansas City, Missouri 64108
Tele: 816-292-2000
Fax: 816-292-2001
jackson.hobbs@lathropgpm.com
kathleen.fisherenyeart@lathropgpm.com
brody.sabor@lathropgpm.com
Attorneys for Cullen Jones

## Certificate of Service

A true and correct copy of the foregoing document was served via the Court's CM/ECF system to all registered counsel of record on the day of its filing.

/s/ Kurt Kerns
Kurt Kerns
